UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FBG, LLC,

      Plaintiff,

v.                                                         Case No.: 3:18-cv-166-WWB-JBT

OPKO HEALTH INC. LLC, PHILLIP
FROST, MARC D. GRODMAN,
CHARLES TODD, BIOREFERENCE
HEALTH, LLC and ADAM LOGAL,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on *sua sponte* review of the Second Amended Complaint (Doc. 103).  Based on this Court's review, the Second Amended Complaint continues to be an impermissible shotgun pleading that is due to be dismissed.

As a general matter, "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. BellSouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).  "Shotgun pleadings wreak havoc on the judicial system" and "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (quotation omitted).  As such, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009); *see also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (noting

that shotgun pleadings drain judicial resources, and the district should act *sua sponte* to define the issues at the earliest possible stage).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiff's Second Amended Complaint falls at least into the first category because each count of the Second Amended Complaint reincorporates by reference every allegation of the entire pleading. (*See* Doc. 103, ¶¶ 142, 153, 163, 174, 187, 200, 213). This circumstance makes it virtually impossible to discern which of the facts alleged supports each claim and is sufficient grounds to dismiss. Furthermore, the Court notes that the Complaint (Doc. 1) was previously dismissed, in part, as shotgun pleading, (*see* Doc. 81 at 6–7, 10), and the Amended Complaint was likewise dismissed as a shotgun pleading for lumping Defendants together, (*see* Doc. 101 at 2–3). Accordingly, Plaintiff

has ample notice of the shotgun pleading standards and the issues in its prior filings. The Second Amended Complaint will be dismissed with prejudice. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Second Amended Complaint (Doc. 103) is **DISMISSED with prejudice**.
2. The Clerk is directed to close this case.

**DONE AND ORDERED** in Jacksonville, Florida on January 23, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record