[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 24-10493

Non-Argument Calendar

_____

FBG, LLC,
Relator; a limited liability company,

                     Plaintiff-Appellant,

UNITED STATES OF AMERICA,
STATE OF CALIFORNIA,
STATE OF GEORGIA,
COMMONWEALTH OF MASSACHUSETTS,
STATE OF FLORIDA,
ex rel FGB, LLC.,

                     Movants-Appellants,

versus

OPKO HEALTH INC, LLC,
a Delaware corporation,

Case 3:18-cv-00166-WWB-J_T   Document 109   Filed 11/18/24   Page 2 of 8 PageID 1010
USCA11 Case: 24-10493   Document: 38-1   Date Filed: 11/18/2024   Page: 2 of 6

2                Opinion of the Court                24-10493

PHILLIP FROST,
MARC D. GRODMAN,
CHARLES TODD,
individuals,
BIOREFERENCE HEALTH, LLC,
a Delaware limited liability company
f.k.a. Bio-Reference Laboratories, Inc. et al.,

                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cv-00166-WWB-JBT

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

     FBG, LLC, appeals the district court's *sua sponte* dismissal with prejudice of FBG's Second Amended Complaint against OPKO Health Inc., LLC, Phillip Frost, Marc D. Grodman, Charles

Case 3:18-cv-00166-WWB-J_T   Document 109   Filed 11/18/24   Page 3 of 8 PageID 1011
USCA11 Case: 24-10493     Document: 38-1     Date Filed: 11/18/2024     Page: 3 of 6

24-10493            Opinion of the Court            3

Todd, and Bioreference Health, LLC (Appellees) as an impermissible shotgun pleading. After review,[1] we affirm the district court.

## I. BACKGROUND

FBG filed a Complaint on January 26, 2018, asserting violations of the False Claims Act (FCA), 31 U.S.C. §§ 3729, *et seq.*, as well as state law claims for the States of Florida, Georgia, California, and the Commonwealth of Massachusetts based on FBG's allegations that Appellees provided illegal kickbacks to doctors and clinics to receive more business, costing Medicare and Medicaid, and the states participating in those programs to pay for unnecessary exams and tests. The action was filed *in camera* and under seal to give the United States time to determine whether it would intervene on the FCA claims. The United States declined to intervene, and the district court unsealed the action on January 13, 2022. On February 9, 2022, the states jointly declined to intervene on their respective state law claims.

On April 25, 2022, Appellees filed a joint motion to dismiss the Complaint, arguing FBG's Complaint failed to allege plausibility under Rule 8(a) and particularity under Rule 9(a). On March 24, 2023, the then-presiding district judge, Judge Brian Davis, dismissed the action as both a shotgun pleading and for failure to allege fraud with particularity, without prejudice and with leave to amend. As to the shotgun pleading, the district court stated, "[FBG's]

---

[1] "We review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

Case 3:18-cv-00166-WWB-J_T   Document 109   Filed 11/18/24   Page 4 of 8 PageID 1012
USCA11 Case: 24-10493     Document: 38-1     Date Filed: 11/18/2024     Page: 4 of 6

4                      Opinion of the Court                    24-10493

allegations are repeated, and [FBG] included claims specific to one state, such as California, and incorporates those claims into the claims brought on behalf of other states, such as Florida.  Plaintiff also routinely consolidates [Appellees] as a single bad actor.  As such the Complaint constitutes a 'shotgun pleading.'"  Additionally, the district court stated, "[FBG] elongates the Complaint by describing the history and administration of state Medicare programs—which again, are incorporated in other counts regarding different states—and reciting case law and news articles."

On April 13, 2023, FBG filed its First Amended Complaint, and on June 20, 2023, Appellees filed a motion to dismiss the First Amended Complaint.  On December 29, 2023, Judge Davis struck FBG's First Amended Complaint as it constituted a shotgun pleading and granted leave to amend.  The district court specified that "each of [FBG's] 15 counts lumps each of the six Defendants together, without specifying which Defendant committed what specific act."

On January 2, 2024, the action was reassigned to Judge Wendy Berger.  FBG filed a Second Amended Complaint on January 19, 2024.  On January 23, 2024, Judge Berger *sua sponte* dismissed with prejudice the Second Amended Complaint, as it "continues to be an impermissible shotgun pleading."  Specifically, each count of the Second Amended Complaint "adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  As FBG's Complaint and First Amended

Complaint were dismissed as shotgun pleadings, the court found FBG had "ample notice of the shotgun pleading standards and the issues in its prior filings," and dismissed the Second Amended Complaint with prejudice.

## II. DISCUSSION

The district court did not abuse its discretion when it dismissed the Second Amended Complaint as a shotgun pleading. When a complaint contains multiple counts, and "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," it fails to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321, 1323 (11th Cir. 2015). This Court condemns shotgun pleadings and has "repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The district court found "each count of the Second Amended Complaint reincorporates by reference every allegation of the entire pleading." FBG acknowledges that paragraphs 142, 153, 163, 174, 187, 200, and 213 incorporate all allegations in all causes of action that precede them, but argues that the organization of the Second Amended Complaint excuses the adoption of all allegations in each count. Our precedent supports that a complaint that causes each count to adopt the allegations of each preceding count is a shotgun pleading. *See Weiland*, 792 F.3d at 1321.

Case 3:18-cv-00166-WWB-J_T   Document 109   Filed 11/18/24   Page 6 of 8 PageID 1014
USCA11 Case: 24-10493   Document: 38-1   Date Filed: 11/18/2024   Page: 6 of 6

6                    Opinion of the Court                    24-10493

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (quotation marks omitted). FBG had sufficient notice of its shotgun pleading issues as the first two complaints had been dismissed as shotgun pleadings, FBG had an opportunity to replead two times, and FBG was represented by counsel. The district court did not abuse its discretion is dismissing FBG's Second Amended Complaint as a shotgun pleading and dismissing the action with prejudice.[2]

**AFFIRMED.**

---

[2] As we affirm the district court, there is no need to address FBG's argument that the action should be reassigned to a new district judge on remand.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith  
Clerk of Court

For rules and forms visit  
www.ca11.uscourts.gov

November 18, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 24-10493-CC  
Case Style: FBG, LLC v. OPKO Health Inc, LLC, et al  
District Court Docket No: 3:18-cv-00166-WWB-JBT

Opinion Issued  
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing  
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs  
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs  
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees  
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel  
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion